STATE v. ROXIE HOWARD, Appellant.—No. 38664.—177 S. W. (2d) 616.

Division Two, February 7, 1944.

*Roy McKittrick,* Attorney General, and *Tyre W. Burton,* Assistant Attorney General, for respondent.

BOHLING, C.—Roxie Howard appealed from a judgment imposing fifteen years' imprisonment in accord with the verdict of the jury finding him guilty of the murder in the second degree of Henry Blacksher. He has filed no brief.

The gist of the facts follow. Blacksher lived with his wife and his sixteen year old son. Appellant and his wife, who was Blacksher's daughter, roomed and boarded ▮▮▮ with Blacksher and were engaged in picking cotton. On the morning of October 3, 1942, appellant and Blacksher had a game of poker, appellant winning Blacksher's money. Blacksher said he was going to quit, picked up a $5 bill, and stated "that is for next week's board." Words followed and appellant and his wife moved out of the house to a nearby tent. When the noon day meal was ready, Blacksher called appellant and wife "to come on to dinner." The daughter replied: "No, I wont eat a bite." After Blacksher's family finished the meal, Blacksher asked his wife for the list of groceries. About that time appellant's wife appeared at the back door and, upon being informed her father was going to town, said "I want that money." The father replied that he was going to get groceries with it. The daughter thereupon approached the father and, upon the father telling her to get back, she screamed for her husband. Appellant, hearing, approached the house with a shotgun, shot through the open door, hitting and killing the father. The State's evidence, differing from appellant's evidence, was that Blacksher was only trying to keep his daughter back.

412

Appellant's assignments of error in the admission of evidence do not comply with the requirements of the criminal code new trial statute—Sec. 4125, R. S. 1939. Consult State v. Nienaber, 347 Mo. 615, 619[3], 148 S. W. 2d 1024, 1026[3]. Examining the record for evidence falling within the assignments, we find no objection or motion to strike the questioned evidence and consequently no exceptions saved to the admission of the testimony. Hence, no foundation for reversible error exists. State v. Barbata, 336 Mo. 362, 379[9], 80 S. W. 2d 865, 874[18]; State v. Buckner (Mo.), 80 S. W. 2d 167, 170[12]. The assignments, from our examination of the record, are not well taken; for instance and *ex gratia*: Appellant's wife was examined in chief concerning a butcher knife she testified her father was threatenng her with. The statute, Sec. 4081, R. S. 1939, permits the cross-examination of a defendant or a defendant's spouse as to matters referred to in the examination in chief and permits them to be contradicted or impeached as any other witness. Cross-examination of appellant's wife with respect to whether she informed the officers about the butcher knife was within the sanction of the statute. This is the only instance we find of record wherein the court failed to sustain any objection to testimony that might fall within the assignments.

Appellant's assertion of error in the failure of the court to define "deliberation" is without merit. At the beginning of the trial the State announced it would prosecute appellant for murder in the second degree. Deliberation is not a constituent element of the offense of murder in the second degree. State v. Reagan (Mo.), 108 S. W. 2d 391, 396[9]; State v. Eaton (Mo.), 154 S. W. 2d 767, 768 [1]. It, therefore, was not necessary for the information to charge or the instructions to define "deliberation." In State v. Evans, 158 Mo. 589, 605(III), 59 S. W. 994, 999[3], where accused was convicted of murder in the second degree and the court erroneously defined "deliberation," it was said: "As the jury did not convict defendant of murder in the first degree, this error in defining this word affords no ground for reversal of the judgment." See arguendo State v. Daly, 210 Mo. 664, 678, 109 S. W. 53, 57. What is said with respect to defining "deliberation" in remanding State v. LaMance, 348 Mo. 484, 499[7], 154 S. W. 2d 110, 118[10], for retrial on account of the failure to define "premeditatedly," "malice aforethought," and "deliberation," the accused having been convicted of murder in the second degree, is not necessarily controlling as the court was there discussing the three terms collectively and certain of said terms, but not "deliberation," were essential elements of the offense of murder in the second degree. The quotation in State v. LaMance, from 30 C. J. 347, Sec. 601, reads when continued: "Where, however, deliberation and premeditation are not elements of the offense charged, an instruction as to [defining] such elements is not necessary and may be

refused." Earlier cases sustaining our conclusion were not discussed in the LaMance case and here, as contradistinguished from the LaMance case, the terms involved (as well as others) were defined insofar as they were essential elements of murder in the second degree. Observations in the LaMance case should not be followed insofar as they conflict herewith.

Appellant asserts error in that the instruction submitting appellant's right to act in defense of his wife, justifiable homicide, [618] did not define "apprehended danger" and "reasonable cause" without stating the technical meaning, if any, of the words requiring definition. The words, as used in the instruction, had well defined meanings of everyday usage. A jury should experience no difficulty in applying the terms in conformity with the instruction. It was not necessary that they be defined. State v. Goddard, 162 Mo. 198, 232, 62 S. W. 697, 708; State v. Johnson (Mo.), 55 S. W. 2d 967, 968[6].

The court's failure "to instruct the jury how they should go about finding defendant not guilty of murder in the second degree as they were instructed they might do in instruction No. 3" was not error. The assignment is a mere assertion. Such an instruction would constitute no part of the law of the case. Instruction No. 3 authorized a conviction for second degree murder. The court also instructed on manslaughter and justifiable homicide.

An assignment that the instruction on manslaughter is incomplete does not state wherein it is subject to such attack.

Assertions that appellant was not given a fair trial under the statutes and rules of evidence, without designating the statutes; rules, etc., or that the verdict was against the law, against the evidence, and was the result of passion and prejudice, likewise preserve no issue for appellate review. State v. Kelly (Mo.), 107 S. W. 2d 19, 20[1].

The "Fourth" paragraph of appellant's motion for new trial started out with a plea for leniency because of what is asserted to be appellant's physical condition. Mr. Blacksher remains dead, whether killed by a man in ill health or by a robust individual. The paragraph also asserts appellant is innocent but the jury found him guilty upon substantial evidence. He admitted the killing.

Complaint is made in another paragraph that instruction No. 1 gave the jury the impression that appellant was guilty although the paragraph states like instructions have been given and approved time and again. The asserted conclusion is arrived at by taking words and phrases out of their context. Appellant submits what he says is a proper instruction, but he also uses like words. The instruction is the usual one given on the presumption of innocence. The words "his guilt," "the guilt of defendant" and "defendant's guilt" therein appearing are meaningless without considering their setting. Appellant might as well contend the court told the jury appellant was

guilty because the word "guilt" is·found in the instructions. This states no legal ground but shows how hard put counsel was to assert error. We have examined the instructions on murder in the second degree and manslaughter and find no reversible error.

The judgment should be and is affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.